IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02647-GPG

DONOVAN CHARLES STONER,

    Applicant,

v.

WARDEN CHAPDELAINE,

    Respondent.

## ORDER OF DISMISSAL

Applicant, Donovan Charles Stoner, is a prisoner at the Sterling Correctional Facility in Sterling, Colorado. Mr. Stoner has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1). The Court must construe the application liberally because Mr. Stoner is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

Mr. Stoner alleges that he is serving a Nevada sentence in a Colorado prison. He asserts two claims for relief challenging the conditions of his confinement. He first claims his constitutional rights have been violated because he is required to work under threat of penalties even though forced labor was not part of his Nevada prison sentence. He explains as follows:

> I was not sentenced to forced/coerced labor. I contend this added punishment – which actually led to

> disciplinary charges and isolation/disciplinary housing – is
> facially illegal in violation of the double jeopardy and due
> process clauses. I contend this practice of forced/coerced
> labor during incarceration in Colorado violates the Thirteenth
> Amendment.

(ECF No. 1 at 6.) Mr. Stoner's second claim is an Eighth Amendment claim in which he alleges he was subjected to excessive force that also is not part of his Nevada sentence. According to Mr. Stoner, he is entitled to be released from custody under Nevada state law because requiring him to perform forced labor and subjecting him to excessive force has made an otherwise legal sentence illegal. The Court is not persuaded.

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Thus, "a prisoner who challenges the fact or duration of his confinement and seeks immediate release or a shortened period of confinement, must do so through an application for habeas corpus." *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012). "In contrast, a prisoner who challenges the conditions of his confinement must do so through a civil rights action." *Id.*

Mr. Stoner's claims in the application do not challenge the fact or duration of his confinement and his argument that he is entitled to be released from custody because the alleged constitutional violations have rendered his sentence illegal under Nevada state law lacks merit. Therefore, the claims may not be raised in this habeas corpus action and will be dismissed without prejudice.

Finally, even if Mr. Stoner's claims could be construed as cognizable habeas

corpus claims, the application still must be dismissed. "A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). Mr. Stoner bears the burden of showing he has exhausted all available state remedies for each particular claim. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Mr. Stoner concedes in the application that he has not exhausted administrative and/or state remedies. (*See* ECF No. 1 at 2.) Therefore, even if the claims in the application could be construed as cognizable habeas corpus claims, the application still must be dismissed for failure to exhaust state remedies.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the habeas corpus application (ECF No. 1) is denied and the

action is dismissed without prejudice.   It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.   It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  11th  day of    December    , 2015.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court